DALE AND RHONDA KORKOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Korkowski v. Commissioner
Docket No. 9355-83.
United States Tax Court
T.C. Memo 1984-399; 1984 Tax Ct. Memo LEXIS 271; 48 T.C.M. (CCH) 676; T.C.M. (RIA) 84399; July 31, 1984. Dale Korkowski, pro se. Stuart D. Gibson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax return for the taxable year 1981 in the amount of $2,965, and an addition to tax under section 6653(a) [1] in the amount of $148. The following issues remain for our decision: (1) Whether the petitioners are entitled to claim deductions for "Factors Discount on Accounts Receivable-Resold" ($19,927.01) in connection with petitioner Dale Korkowski's participation in a plan for assignment of his income to avoid income tax for the year 1981. (2) Whether there is due from the *272 petitioners for the taxable year 1981, the addition to tax for negligence or intentional disregard of rules and regulations pursuant to section 6653(a). (3) Whether damages should be awarded to the United States under section 6673 for petitioners instituting or maintaining proceedings before this Court primarily for delay or based on frivolous or groundless claims. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. The facts are simple and basically uncontested. Petitioners Dale Korkowski and Rhonda Korkowski are husband and wife who resided at 9351 Northeast Ochoa Avenue, Elk River, Minnesota at the time the petition was filed in this case. During 1981 Dale Korkowski (hereafter petitioner) was employed as a machinist for Special Parts, Inc. and Remmele Engineering, Inc. During 1981 he received gross wages of $27,720.71, which he reported on line 7 of his Federal income tax return. During 1979 petitioner executed an "entrusted personal services contract," purporting to sell his lifetime services to a trust. Both before and after the date he executed the personal services contract, petitioner performed services for Special *273 Parts, Inc., and checks were issued to him for such services. Petitioner either endorsed his paychecks directly to Professional and Technical Services (P&TS) or he deposited his paychecks to his bank account and wrote checks to Professional and Technical Services in the amount of his salary. Petitioner then received back from an entity called IDI Credit Union an amount equal to approximately 90 percent of his paychecks. On line 20 of petitioners' 1981 Federal income tax return, they claimed a deduction for $19,927.01 as "factors discount on accounts receivable-resold." The petitioners litigated the identical issue presented herein before this Court in St. Paul, Minnesota on September 21, 1983. At the close of the trial, the presiding judge issued a bench decision sustaining respondent's determination as to the tax deficiencies for 1979 and 1980, and determining that petitioners were liable for the negligence additions under section 6653(a) for those years. The transcript of proceedings contains comments unequivocally stating that petitioners' position in that litigation was "a flagrant attempt to assign wage income earned by the Petitioner." OPINION This case is virtually *274 identical to , as to the transactions involved, the documents utilized, and the individuals and entities that were parties to the arrangements with petitioners. We noted in , that these cases "[present] yet another device by which a taxpayer seeks to avoid paying income taxes on his earnings." As in Benningfield, the facts before us present a contrived and artificial mechanism for assigning petitioners' income and receiving the bulk of it back again. We agree with Benningfield that this is clearly not permissible under the tax laws. See also . Also for the reasons stated in Benningfield, we find that part of the underpayment is due to negligence and intentional disregard of the rules and regulations. See section 6653(a); . The final issue is whether damages should be awarded to the United States for petitioners instituting or maintaining proceedings before this Court primarily for delay or based on *275 groundless or frivolous claims. See section 6673. Mr. Korkowski appeared and represented himself at trial. He was an intelligent man who was familiar with the double trust issue, and as noted in our findings of fact, was involved in the trial of an identical issue last fall (Korkowski v. Commissioner, docket numbers 2477-81, 7342-82), in which a bench decision was rendered on the strength of The transcript in that trial includes Findings of Fact and Opinion issued as a Bench Decision. In the transcript, the "device" before the Court was referred to as "a flagrant attempt to assign wage income earned by the petitioner." Additionally, in sustaining an injunction issued by the District Court against the principal promoter of these double trust devices, the Eighth Circuit noted that the contention that these devices are effective to avoid income tax "is entirely frivolous." . The Eighth Circuit made it unequivocally clear that these frivolous contentions had no merit under the income tax law. Petitioner was thoroughly familiar with this Opinion. Finally, it *276 had been eight months since the Opinion in was issued by this Court, and petitioner was also thoroughly familiar with that Opinion. Respondent asked that the damages be awarded in his trial memorandum and at calendar petitioner was warned that if he pursued in trying the case the Court would consider imposing damages up to the full amount permissible under law. Nevertheless, petitioner appeared for trial and the case was tried. At that time he pursued the same frivolous issues that were involved in the earlier disputes. Accordingly, we feel that damages are appropriate in this case. Petitioner knowingly instituted a frivolous proceeding simply and primarily for purposes of delay. We have set forth our reasons for awarding damages under these circumstances. ; . See also , and . In view of the resources that have been consumed in attempting to deal with petitioners' frivolous *277 claims, and the persistent pursuit of these claims by petitioners knowing that they are frivolous and groundless, we award damages of $3,500 to the United States pursuant to section 6673. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩